THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-251-FL

| THEODORE JUSTICE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM & RECOMMMENDATION** |
|  | ) **AND ORDER** |
| ART POPE, JACK S. HOLMES, NANCY WELLS, CARON CROSS, DAWN STEADMAN, KRISTIN MCRAY, BUCK LATTIMORE, TRACY WEAVER, sued in their individual and official capacities | ) |
| Defendants. | ) |

This matter is before the court on Theodore Justice's pro se application to proceed in forma pauperis and for frivolity review. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, his application to proceed in forma pauperis under 28 U.S.C. § 1915(a) is allowed.

In addition, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v.

1

Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff alleges that he sustained a back injury while working for his former employer, Defendant Art Pope, the owner of Variety Wholesalers. He further claims that Defendants collectively interfered with his ability to receive medical attention. However Defendant has failed to state a claim upon which relief may be granted in this court. Issues regarding Workman's Compensation and payment of medical expenses by a private employer are governed by state law. See 28 U.S.C. § 1445(c) (providing that "a civil action in any State court arising under the workman's compensation laws of such State may not be removed to any district court of the United States").

Moreover, Defendants Art Pope, Jack S. Holmes, Nancy Wells, Caron Cross, Dawn Steadman, and Kristin McRay are private citizens and are not state actors subject to suit under 42 U.S.C. § 1983. See Brentwood Academy v. Tenn. Secondary School Athletic Ass'n, 531 U.S. 288, 295 (discussing the criteria used to determine whether a party is a state actor so that a § 1983 claim could be brought). Further, Plaintiff has sued only two individuals who are arguably state actors: Buck Lattimore, who is the Chairman of the North Carolina Industrial Commission and Tracy Weaver, who is the executive secretary of the North Carolina Industrial Commission. However, Plaintiff has not provided the court with any evidence that he filed a claim with the North Carolina Industrial Commission and attempted to gain workers' compensation through the administrative means available to him. Accordingly, his claim that Lattimore and Weaver failed to act is not viable Furthermore, in the event that Defendants Lattimore and Weaver were involved in a denial by the Commission of Plaintiff's right to workman's compensation, this court has held that decision makers at the Industrial Commission who grant or deny claims for workers'

compensation have judicial immunity. See Sherwin v. Piner, 5:03-CV-275-H (E.D.N.C. July 22, 2003) (unpublished) (stating that members of the North Carolina Industrial Commission who denied claimant workers' compensation benefits were judicially immune from suit for alleged civil rights violations). Moreover, a due process claim against Lattimore and Weaver must fail because, as the Supreme court has previously held, a plaintiff does not have a constitutionally protected interest in state workers' compensation benefits when the plaintiff has not previously established his employer's obligation to pay such benefits. Plaintiff here has failed to make such a showing. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59-61 (1999). Finally, Plaintiff asserts that his Eighth Amendment rights were violated by Defendants, which is not a valid claim as Plaintiff was never in state custody. See DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 199-200 (1989) (noting that the Eighth Amendment protects individuals who are held in state or federal custody).

Accordingly, Plaintiff has failed to raise federal issues in his complaint, as required under 28 U.S.C. § 1331. Moreover, as Plaintiff and all Defendants appear to be domiciled in North Carolina, Plaintiff has failed to raise a diversity jurisdiction claim pursuant to 28 U.S.C. § 1332. Although Plaintiff may not pursue this action, as currently pled, in federal court, he may have raised viable claims that could be adjudicated in another forum. Because it is the court's opinion that jurisdiction does not exist based on the claims raised by Plaintiff, it recommends that Plaintiff's complaint be dismissed on frivolity grounds.

Accordingly, the court **GRANTS** Plaintiff's motion to proceed in forma pauperis. In addition, the court **RECOMMENDS** that the underlying complaint be **DISMISSED** as

3

frivolous as to all Defendants. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 24th day of September 2007.

DAVID W. DANIEL
United States Magistrate Judge