IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CV-251-FL

| THEODORE JUSTICE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ART POPE, JACK S. HOLMES, | ) | ORDER |
| NANCY WELLS, CARON CROSS, | ) | |
| DAWN STEADMAN, KRISTIN | ) | |
| MCRAY, BUCK LATTIMORE, | ) | |
| TRACY WEAVER, sued in their | ) | |
| individual and official capacities | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate David W. Daniel (DE # 4) regarding the motion to proceed *in forma pauperis* filed by plaintiff on July 2, 2007 (DE # 1). The magistrate judge granted the plaintiff's motion to proceed *in forma pauperis* upon appropriate evidence that the *pro se* plaintiff was unable to pay the required court costs. However, based upon a frivolity review, the magistrate judge recommended that plaintiff's claim should be dismissed in its entirety as a result of a failure to raise federal issues in his complaint. Plaintiff filed objections to the M&R (DE # 6) and the issue is ripe for adjudication. For the following reasons, this court adopts the recommendation of the magistrate judge dismissing plaintiff's claim.

In addressing defendant's objections to the M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A), the court is required to dismiss that part of an action which it determines to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant that is immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996).

In reviewing the petition filed by plaintiff, the magistrate judge recommended that the court hold that no claim had been filed upon which relief could be granted. The magistrate judge based this recommendation, in part, upon the lack of federal jurisdiction over workman's compensation claims, which are governed by state law. (M&R at 2). The magistrate judge further based the recommendation upon plaintiff's inability to bring suit under 42 U.S.C. § 1983 against the six defendants who were private actors. Id. Additionally, the magistrate judge noted that there was no indication that plaintiff had exhausted his administrative means of potential recovery prior to filing this action in federal court. Id. With regard to the two defendants who arguably could have been categorized as state actors, the magistrate judge cited the judicial immunity which would bar this action against them. Id. at 2-3, citing Sherwin v. Piner, 5:03-CV-275-H (E.D.N.C. July 22, 2003) (unpublished). The final bases for the magistrate judge's recommendation were the lack of a constitutionally protected interest in workers' compensation benefits, and the unavailability of an Eight Amendment claim in this situation since plaintiff had never been in state custody. Id. at 3.

2

Upon careful review and consideration of the objections raised by plaintiff, this court finds merit in and ADOPTS the recommendation of the magistrate judge, and hereby ORDERS that the case be dismissed in its entirety as to all defendants for failure to raise an actionable federal claim.

SO ORDERED, this the 12th day of October, 2007.

    /s/ Louise W. Flanagan
LOUISE W. FLANAGAN
Chief United States District Judge